IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MILTON ADRIAN GAVILANEZ TOAQUIZA,** | § § § | |
| Petitioner, | § § | |
| | § | EP-26-CV-00420-DB |
| v. | § § | |
| | § | |
| **PAMELA BONDI**, *Attorney General*, *et al.*, | § § § | |
| Respondents. | § | |

# ORDER

On February 11, 2026, Petitioner Milton Adrian Gavilanez Toaquiza filed a "Verified Petition for Writ of Habeas Corpus," ECF No. 1. Petitioner is currently detained at the Camp East Montana Detention Facility in El Paso, Texas in the Western District of Texas. *Id.* at 3. He argues his detention is unlawful and asks the Court to order his release. *Id.* at 16. On February 13, 2026, this Court ordered that Respondents shall not (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. ECF No. 2 at 3.

Petitioner is an Ecuadorian national who entered the United States in 2023. ECF No. 1 at 7–8. Upon entry, Petitioner was apprehended by immigration officials but subsequently released on his own recognizance. *Id.* at 8. Three years later, on January 26, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") without a warrant. *Id.* Among other things, Petitioner argues 8 U.S.C. § 1225(b)'s mandatory detention provisions as applied to him violate his Fifth Amendment procedural due process rights because he has a fundamental liberty interest

in being free from official restraint and is being deprived of an individualized hearing to justify his detention. *Id.* at 15.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025) (holding that petitioner, who was re-detained after being released on his own recognizance, was entitled to an individualized hearing justifying his detention). The Court previously noted it appears from the writ that it should be granted. *See* ECF No. 2 at 2. Nonetheless, this Court afforded Respondents three days to respond as to why it should not be, and directed that in so doing, "Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome." *Id.*

Respondents filed their response on February 18, 2026, ECF No. 3. Therein, Respondents aver the Fifth Circuit's recent decision in *Buenrostro v. Bondi*, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) is dispositive in this case. ECF No. 3 at 1. Respondents reason "Petitioner's contention that detention should be governed by, 8 U.S.C. § 1226, that Petitioner is being unlawfully detained and deprived of a bond hearing, and that the detention violates the United States Constitution were rejected in *Buenrostro*." *Id.* at 3. This Court disagrees.

This Court acknowledges the Fifth Circuit's precedential decision in *Buenrostro-Mendez* held Respondents' statutory interpretation of Section 1225(b)'s mandatory detention provision is correct. However, *Buenrosto-Mendez* does not change this case's outcome on procedural due process grounds. In its original due process analysis, this Court accepted without deciding

Respondents' interpretation was true. *See, e.g., Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025). In accepting the interpretation as true at the outset, this Court already considered the posture Respondents have now definitively established in the Fifth Circuit. Without more, this Court will not deviate from its as-applied analysis in light of Petitioner's constitutional rights.

Among arguments this Court has already rejected,[1] Respondents cite *Demore v. Kim*, 538 U.S. 510, 526 (2003) to support their contention that the Supreme Court has long recognized the constitutionality of detention during the limited period of removal proceedings. However, the Court disagrees with Respondents' seeming assertion that the Supreme Court's holding in *Demore* represents a blanket rule that permits *any* form of detention of any noncitizen pursuant to *any* provision of law during removal proceedings. There are several critical distinctions between *Demore* and the instant case, including but not limited to, the fact that *Demore* involved "a facial challenge to the constitutionality of mandatory detention for noncitizens subject to 8 U.S.C. § 1226(c), rather than an as-applied challenge rooted in the particular liberty interest of an individual noncitizen." *Bonilla Chicas v. Warden*, No. 26-CV-00131, at 16 (S.D. Tex. Feb. 20, 2026). Therefore, even if this Court were to acknowledge that detention during removal proceedings is constitutional as a general matter, *Demore* "does not answer the question of whether it is unconstitutional to apply 8 U.S.C. § 1225(b)(2)'s mandatory detention provision to Petitioner given his specific factual circumstances." *Id.*

---

[1] *See Zafra*, 2025 WL 3239526 (rejecting Respondents' argument that Petitioner is receiving or has received due process afforded through removal proceedings in immigration court); *Morales-Quirino v. De Anda-Ybarra,* No. EP-26-CV-00323-DB (W.D. Tex. Feb. 17, 2026) (agreeing *Zadvydas v. Davis* is inapplicable in these circumstances).

The Court also finds it important to note that the Supreme Court's decision in *Demore* rested, in large part, on the fact that § 1226(c) bore a reasonable relation to its purported immigration purpose (i.e., preventing deportable criminal aliens from fleeing prior to or during their removal proceedings). *Demore*, 538 U.S. at 527–28. The majority's discussion "strongly suggests that were Congress *not* to authorize a specific form of detention during removal proceedings, if Congress did not have legitimate policy concerns in mind in doing so, or if the petitioner at issue had not been found guilty of criminal acts, then the Supreme Court's analysis would be different." *Merchan-Pacheo v. Noem*, No. 1:25-CV-03860-SBP, 2026 WL 88526 (D. Colo. Jan. 12, 2026). Because the Court is not persuaded by Respondents' new procedural due process arguments and the facts of this case were not distinguished, the same result this Court has reached in similar cases since October 2025 is warranted in this case.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b),[2] **IT IS HEREBY ORDERED** Petitioner's "Verified Petition for Writ of Habeas

---

[2] This Court acknowledges the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) issued on February 6, 2026, determining Respondents' statutory interpretation of Section 1225(b)'s mandatory detention provision is correct. However, *Buenrosto-Mendez* does not change this case's outcome on procedural due process grounds. In its original due process analysis, this Court accepted without deciding Respondents' interpretation was true. *See, e.g., Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) ("The parties argue about Respondents' novel interpretation regarding mandatory detention under Section 1225(b) and whether Petitioner falls within it. Even assuming without deciding Respondent's reading is correct, the Court will not address these arguments because the Court finds Petitioner is entitled to procedural due process in his as-applied challenge.").

Corpus and Complaint for Declaratory Relief," ECF No. 1., is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL** (1) provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; **OR** (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than March 6, 2026.**[3]

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory either (1) informing the Court, in detail, of the reasons for the immigration judge's bond hearing decision held in accordance with the preceding line order, or (2) informing the Court of Petitioner's release **no later than March 10, 2026.**

**IT IS FURTHER ORDERED** that in the event Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FINALLY ORDERED** that, following Petitioner's bond hearing or release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than March 13, 2026.**

**SIGNED** this **4th** day of **March 2026**.

                                                                THE HONORABLE DAVID BRIONES
                                                                SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Respondents are forewarned that a proceeding where an immigration judge denies bond for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with the instant Order. In such event, release from custody is *required*.